# United States District Court
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**KULWANT SINGH GILL** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **2:06CR00312-01**<br><br>Martin Antonio Sabelli, Retained<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔]  pleaded guilty to counts: <u>1-6 and 7-11 of the Superseding Indictment</u>.
[ ]  pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| See next page. | | | |

The defendant is sentenced as provided in pages 2 through <u>14</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[ ]  Count(s) ___ (is)(are) dismissed on the motion of the United States.

[ ]  Indictment is to be dismissed by District Court on motion of the United States.

[✔]  Appeal rights given.          [ ]  Appeal rights waived.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 27, 2012
Date of Imposition of Judgment

*/s/ Lawrence K. Karlton*
Signature of Judicial Officer

**LAWRENCE K. KARLTON**, United States District Judge
Name & Title of Judicial Officer

April 2, 2012
Date

AO 245B-CAED (Rev. 09/2011) Sheet 1 - Judgment in a Criminal Case
Case 2:06-cr-00312-LKK-KJN   Document 174   Filed 04/02/12   Page 2 of 14

CASE NUMBER:     2:06CR00312-01                                                      Judgment - Page 2 of 14
DEFENDANT:       KULWANT SINGH GILL

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 18 USC 1343 | Wire Fraud **(Class C Felony)** | 02/2002 | 1 |
| 18 USC 1343 | Wire Fraud **(Class C Felonies)** | 12/2002 | 2 and 3 |
| 18 USC 1343 | Wire Fraud **(Class Felonies)** | 11/2003 | 4 and 5 |
| 18 USC 1343 | Wire Fraud **(Class C Felony)** | 05/2003 | 6 |
| 18 USC 1001(a)(2) and 2 | Making a False Statement **(Class D Felony)** | 09/2004 | 7 |
| 18 USC 1001(a)(2) and 2 | Making a False Statement **(Class D Felony)** | 10/2004 | 8 |
| 18 USC 1001(a)(2) and 2 | Making a False Statement **(Class D Felony)** | 11/2004 | 9 |
| 18 USC 1001(a)(2) and 2 | Making a False Statement **(Class D Felonies)** | 10/2005 | 10 and 11 |

| | |
|---|---|
| CASE NUMBER: | 2:06CR00312-01 |
| DEFENDANT: | KULWANT SINGH GILL |

Judgment - Page 3 of 14

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>130 months on each of Counts 1 through 6, and 60 months on each of Counts 7 through 11 of Docket Number 2:06CR00312; 130 months on each of Counts 1 and 2 of Docket Number 2:08CR00107, to be served concurrently, for a total term of 130 months.</u>

[✔]     The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant be incarcerated in facility as close to Sacramento, California as possible , but only insofar as this accords with security classification and space availability.  The Court recommends the defendant participate in the 500-Hour Bureau of Prisons Substance Abuse Treatment Program.

[ ]     The defendant is remanded to the custody of the United States Marshal.

[ ]     The defendant shall surrender to the United States Marshal for this district.
        [ ] at ___ on ___.
        [ ] as notified by the United States Marshal.

[✔]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        [✔] before <u>3:00 PM</u> on <u>05/08/2012</u> .
        [ ] as notified by the United States Marshal.
        [✔] as notified by the Probation or Pretrial Services Officer.
If no such institution has been designated, to the United States Marshal for this district.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

CASE NUMBER: 2:06CR00312-01   Judgment - Page 4 of 14
DEFENDANT: KULWANT SINGH GILL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 36 months on each of Counts 1 through 11 of Docket Number 2:06CR00312, and Counts 1 and 2 of Docket Number 2:08CR00107, all to be served concurrently, for a total term of 36 months.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✔] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.), as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

CASE NUMBER: 2:06CR00312-01                                                                 Judgment - Page 5 of 14
DEFENDANT: KULWANT SINGH GILL

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall not dispose of or otherwise dissipate any of his assets until the fine and/or restitution order by this Judgment is paid in full, unless the defendant obtains approval of the Court or the probation officer.

3. The defendant shall provide the probation officer with access to any requested financial information.

4. The defendant shall not open additional lines of credit without the approval of the probation officer.

5. As directed by the probation officer, the defendant shall participate in a program of outpatient mental health treatment.

6. As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

7. The defendant shall consent to the probation officer and/or probation service representative conducting periodic unannounced examinations of (a) any computer, or (b) computer-related device, or (c) equipment that has an internal or external modem which is in the possession or control of the defendant. The defendant consents to retrieval and copying of all data from any such computer, computer-related device, or equipment as well as any internal or external peripherals to ensure compliance with conditions. The defendant consents to removal of such computer, computer-related device, and equipment for purposes of conducting a more thorough inspection; and analysis.

    The defendant consents to having installed on any computer, computer-related device, and equipment, at the defendant's expense, any hardware or software systems to monitor the use of such computer, computer-related device, and equipment at the direction of the probation officer, and agrees not to tamper with such hardware or software and not install or use any software programs designed to hide, alter, or delete his/her computer activities. The defendant consents to not installing new hardware without the prior approval of the probation officer.

8. As directed by the probation officer, the defendant shall fully disclose his criminal history to any future employer and allow verification of such disclosure prior to the acceptance of employment. Further, the defendant shall not be employed in a fiduciary capacity or as the owner of a company involved in the trucking industry.

CASE NUMBER:	2:06CR00312-01	Judgment - Page 6 of 14
DEFENDANT:	KULWANT SINGH GILL

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 1,100.00 | $ Waived | $ 376,765.00 |

[ ]  The determination of restitution is deferred until __ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[✔]  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 09/2011) Sheet 5 - Criminal Monetary Penalties
Case 2:06-cr-00312-LKK-KJN   Document 174   Filed 04/02/12   Page 7 of 14

CASE NUMBER:        2:06CR00312-01                                                   Judgment - Page 7 of 14
DEFENDANT:          KULWANT SINGH GILL

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| A Ramon Imports Trucking<br>5601 East Hwy 90<br>Del Rio, TX 78840 | $ 2,697.00 | $ 2,697.00 | |
| AE Trucking<br>7207 Albany Ridge<br>San Antonio, TX 78250 | $ 4,220.00 | $ 4,220.00 | |
| AIO Logistics and Transportation<br>955 West Grand Road, #220<br>Tucson, AZ 85745 | $ 51,000.00 | $ 51,000.00 | |
| Alaskan Transport, LLC<br>8000 Berry Patch Drive<br>Anchorage, AK 99502 | $ 3,400.00 | $ 3,400.00 | |
| American Logistics<br>3632 West County Club Drive<br>Irving, TX 75038-4820 | $ 2,158.00 | $ 2,158.00 | |
| Arapovic Company, Inc., dba ACI<br>3380 La Sierra Avenue<br>Suite 104-490<br>Riverside, CA 92503 | $ 6,100.00 | $ 6,100.00 | |
| Barman Transport, Inc.<br>14022 Valley Boulevard<br>Fontana, CA 92335-5294 | $ 12,578.00 | $12,578.00 | |
| Bestway Transport<br>11205 SE Foster Road<br>Portland, OR 92766 | $ 3,300.00 | $ 3,300.00 | |
| Big Brothers Trucking<br>14657 Victoria Crossing<br>Lockport, IL 60441 | $ 2,475.00 | $ 2,475.00 | |
| Blue Eagle Express<br>1140 Oak Grove Road<br>Dickson, Tennessee 37055 | $ 2,500.00 | $ 2,500.00 | |
| Blue Line Enterprises, Inc.<br>8665 West Flamingo Road,<br>Suite 131-365<br>Las Vegas, NV 89147 | $ 3,250.00 | $ 3,250.00 | |
| Boyd Logistics, Inc.<br>1160 Joe Battle<br>El Paso, TX 79936 | $ 2,588.00 | $ 2,588.00 | |
| Bullocks Express Transportation<br>510 East 51st Avenue<br>Denver, CO 80216 | $ 3,000.00 | $ 3,000.00 | |

  ** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 09/2011) Sheet 5 - Criminal Monetary Penalties
Case 2:06-cr-00312-LKK-KJN   Document 174   Filed 04/02/12   Page 8 of 14

Judgment - Page 8 of 14

CASE NUMBER: 2:06CR00312-01
DEFENDANT: KULWANT SINGH GILL

| Payee | Amount 1 | Amount 2 |
|---|---|---|
| Capital Lines, Inc.<br>21155 Box Spring Road<br>Moreno, CA 92557 | $ 2,300.00 | $ 2,300.00 |
| CI Transportation<br>10826 West Calle Del Sol<br>Phoenix, AZ 85037 | $ 1,200.00 | $ 1,200.00 |
| D&D Transportation<br>Post Office Box 116<br>Gooding, ID 83330 | $ 24,000.00 | $24,000.00 |
| Diamond Transport, Inc.<br>2325 Sequoia Avenue<br>Anaheim, CA 92801 | $ 3,600.00 | $ 3,600.00 |
| Diversified Transportation<br>1325 E Loop 301<br>Sulphur Springs, TX 75482 | $ 1,025.00 | $ 1,025.00 |
| Dockter Trucking<br>5075 57th Street SE<br>Braddock, ND 58524 | $ 1,900.00 | $ 1,900.00 |
| Dom Spinella<br>8314 Caughdenoy Road<br>Clay, NY 13041 | $ 5,350.00 | $ 5,350.00 |
| Don River Transport<br>5410 Yellow Pine Way<br>Sacramento, CA 95841 | $ 2,810.00 | $ 2,810.00 |
| Don's Frozen Express, Inc.<br>Post Office Box 1197<br>Caldwell, ID 83605 | $ 2,082.00 | $ 2,082.00 |
| Down Home Express, Inc.<br>173 Honeybee Drive<br>Amherst, VA 24521 | $ 1,390.00 | $ 1,390.00 |
| East-West, Inc.<br>Post Office Box 19026<br>Asheville, NC 28815 | $ 2,610.00 | $ 2,610.00 |
| Felix Brothers Trucking<br>8060 E. Florence Avenue, #106<br>Downey, CA 90241 | $ 1,550.00 | $ 1,550.00 |
| Freightline Highway Express<br>1250 So. Glendale Avenue<br>Glendale, CA 91205 | $ 1,550.00 | $ 1,550.00 |
| G&J Transport, Inc.<br>10522 Kay Hockley Cutoff<br>Cypress, TX 77433 | $ 1,750.00 | $ 1,750.00 |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 09/2011) Sheet 5 - Criminal Monetary Penalties    Case 2:06-cr-00312-LKK-KJN   Document 174   Filed 04/02/12   Page 9 of 14

CASE NUMBER:        2:06CR00312-01                                                    Judgment - Page 9 of 14
 DEFENDANT:         KULWANT SINGH GILL

| | | |
|---|---|---|
| Gateway Trucking, LLC.<br>11056 Lemay Street<br>North Hollywood, CA 91606 | $ 2,500.00 | $ 2,500.00 |
| GMN Services<br>12742 SW 49th Court<br>Mivamar, FK 33027 | $ 2,500.00 | $ 2,500.00 |
| Golden States Express<br>8028 Red Fern Court<br>Antelope, CA 95843 | $ 5,500.00 | $ 5,500.00 |
| Harry Owen Trucking, Inc.<br>51 Harvest Drive<br>Elizabethtown, KY 42701 | $ 3,200.00 | $ 3,200.00 |
| High Gear Truck Leasing, Inc.<br>1950 Rutgers University Blvd.<br>Lakewood, NJ 08701 | $ 2,640.00 | $ 2,640.00 |
| Houston Ryder Express<br>10522 Kay Hockley Cutoff<br>Cypress, TX 77433 | $ 1,600.00 | $ 1,600.00 |
| Intercon Carriers, LC<br>19810 FM 1472<br>Laredo, TX 78045 | $ 2,200.00 | $ 2,200.00 |
| Interstate Transport Corp.<br>25322 Rye Canyon Road, #204<br>Valencia, CA 91355 | $ 5,950.00 | $ 5,950.00 |
| Janicek Trucking<br>4204 Highway H<br>Sturtevant, WI 53177 | $ 3,350.00 | $ 3,350.00 |
| JBP Transportation<br>911 Misty Creek Court<br>Lawrenceville, GA 30043 | $ 1,945.00 | $ 1,945.00 |
| JNJ Transportation<br>4589 English Oak Avenue<br>Tracy, CA 95377-8251 | $ 5,900.00 | $ 5,900.00 |
| John Brothers Cargo<br>9500 NW 77th Avenue, #16<br>Hialeah Gardens, FL 33016 | $ 7,000.00 | $ 7,000.00 |
| JR Freight Company<br>23777 Via Canon, #202<br>Newhall, CA 91321 | $ 2,100.00 | $ 2,100.00 |
| JRO Trucking<br>10126 Karmont Avenue<br>South Gate, CA 90280 | $ 1,380.00 | $ 1,380.00 |

   ** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 09/2011) Sheet 5 - Criminal Monetary Penalties   Case 2:06-cr-00312-LKK-KJN   Document 174   Filed 04/02/12   Page 10 of 14

CASE NUMBER:   2:06CR00312-01                                                                 Judgment - Page 10 of 14
DEFENDANT:   KULWANT SINGH GILL

| | | |
|---|---:|---:|
| Keep It Moving Trucking Co.<br>6722 Crenshaw Boulevard<br>Los Angeles, CA 90043 | $ 2,200.00 | $ 2,200.00 |
| KL Transport<br>927 S. Azusa Avenue<br>City of Industry, CA 91748 | $ 2,800.00 | $ 2,800.00 |
| Kool Pac, LLC<br>4550 SW Kruse Way, #350<br>Lake Oswego, OR 97035 | $ 2,900.00 | $ 2,900.00 |
| Kwik Kargo, Inc.<br>230 State Street<br>Clear Lake, MN 55319 | $ 4,400.00 | $ 4,400.00 |
| L&M Freight, Inc.<br>1538 Ridge Hollow Drive<br>Houston, TX 77067-3412 | $ 3,160.00 | $ 3,160.00 |
| Lancer Transport Services, Inc.<br>2136 West Shaw Butte Drive<br>Phoeniz, AZ 85029 | $ 10,370.00 | $ 10,370.00 |
| Landforce Express Corp.<br>15402 West Sage Street, #106<br>Victorville, CA 92392 | $ 2,600.00 | $ 2,600.00 |
| Logistics & Transportation Service, Inc.<br>12188 Central Avenue, #301<br>Chino, CA 91710-2420 | $ 1,500.00 | $ 1,500.00 |
| Longhorn Logistics Corp.<br>Post Office Box 848302<br>Dallas, TX 75284 | $ 5,950.00 | $ 5,950.00 |
| Mike's Loading Service, Inc.<br>221 North 11th<br>McAllen,TX 78501 | $ 1,700.00 | $ 1,700.00 |
| Montoya Enterprises<br>11673 Mariposa Road<br>Hesperia, CA 92345 | $ 2,000.00 | $ 2,000.00 |
| Mossburg Trucking<br>Post Office Box 4470<br>Joplin, MO 64803-4470 | $ 3,800.00 | $ 3,800.00 |
| Navarro's Trucking<br>6460 Wineville Avenue<br>Mira Loma, CA 91752 | $ 1,425.00 | $ 1,425.00 |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 09/2011) Sheet 5 - Criminal Monetary Penalties
Case 2:06-cr-00312-LKK-KJN   Document 174   Filed 04/02/12   Page 11 of 14

CASE NUMBER:        2:06CR00312-01                                               Judgment - Page 11 of 14
 DEFENDANT:         KULWANT SINGH GILL

| | | |
|---|---|---|
| OT Logistics<br>570 Alaska Avenue<br>Torrance, CA 90503 | $ 3,100.00 | $ 3,100.00 |
| Patrick Ash Transportation<br>200 South 5th Street, #308<br>Moorhead, MN 56560 | $ 2,902.00 | $ 2,902.00 |
| PEI, Inc.<br>13-A Overmyer Way<br>Forest Park, GA 30297 | $ 2,600.00 | $ 2,600.00 |
| Piscataqua Brokerage<br>583 Portsmouth Avenue<br>Greenland, NH 03840 | $ 1,150.00 | $ 1,150.00 |
| Portable Logistic<br>2500 Chestnut Lane<br>Easton, PA 18040 | $ 3,050.00 | $ 3,050.00 |
| Prairie Pacific<br>655 South Vassar<br>Wichita, KS 67218 | $ 2,100.00 | $ 2,100.00 |
| Premier Logistics<br>67 South Higley Road,<br>Suite 103-PMB466<br>Higley, AZ 85236 | $ 3,600.00 | $ 3,600.00 |
| Priority Transportation Brokers<br>21 Crossway East<br>Bohemia, NY 11716 | $ 2,500.00 | $ 2,500.00 |
| Prudent, Inc.<br>Post Office Box 3512<br>Whittier, CA 90605 | $ 3,300.00 | $ 3, 300.00 |
| Quan<br>2220 Bastona Drive<br>Elk Grove, CA 95758 | $ 2,850.00 | $ 2,850.00 |
| S&S Express, Inc.<br>6432 Lawnwood Avenue<br>Cleveland, OH 44130 | $ 25,000.00 | $ 25,000.00 |
| Samuel Avetisyan<br>3344 E. Dakota Avenue, #131<br>Fresno, CA 93726 | $ 3,660.00 | $ 3,660.00 |
| Scott Truck Systems<br>2902 East CR 500 North<br>Whiteland, IN 46184 | $2,700.00 | $ 2,700.00 |

 ** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 09/2011) Sheet 5 - Criminal Monetary Penalties  Case 2:06-cr-00312-LKK-KJN   Document 174   Filed 04/02/12   Page 12 of 14

CASE NUMBER:        2:06CR00312-01                                              Judgment - Page 12 of 14
 DEFENDANT:         KULWANT SINGH GILL

| | | |
|---|---:|---:|
| Scott's Express, Inc.<br>Post Office Box 12728<br>Grand Forks, ND 58208-2728 | $ 2,500.00 | $ 2,500.00 |
| Sidhu Truck Line<br>Post Office Box 80118<br>Bakersfield, CA 93380-0118 | $ 3,100.00 | $ 3,100.00 |
| Singh Trucking<br>31123 Mission Boulevard<br>Hayward, CA 94544-9912 | $ 2,700.00 | $ 2,700.00 |
| Sonko, Inc.<br>Post Office Box 1805<br>Alma, AR 72921 | $ 3,400.00 | $ 3,400.00 |
| Southland Express, Inc.<br>HC Route #1, Box 120<br>Mayo, FL 32066 | $ 3,400.00 | $ 3,400.00 |
| Sumark<br>1193 Woods Road<br>Germantown, NY 12526 | $ 3,100.00 | $ 3,100.00 |
| Sun Aire Transport<br>3557 Maricopa<br>Lake Havasu City, AZ 86406 | $ 1,700.00 | $ 1,700.00 |
| Sunrise Transportation<br>31583 Castaic Road, Suite C<br>Castaic, CA 91384 | $ 22,500.00 | $ 22,500.00 |
| Tiger Freight Solutions, Inc.<br>25025 I-45 North, Suite 525<br>The Woodlands, TX 77380 | $ 5,800.00 | $ 5,800.00 |
| TPH Transport<br>139 West Mill Stream Road<br>Cream Ridge, NJ 08514 | $ 3,100.00 | $ 3,100.00 |
| Triple J Transportation<br>1367 W.N. Outer Road<br>Wright City, MO 63390 | $ 2,900.00 | $ 2,900.00 |
| TRT Carriers<br>8295 Tournament Drive, #150<br>Memphis, TN 38125 | $ 2,500.00 | $ 2,500.00 |
| United Warehouse Company<br>901 East 45th Street North<br>Wichita, KS 67219 | $ 3,100.00 | $ 3,100.00 |
| V.G. Trucking, Inc.<br>2137 Randall Road<br>Lithonia, GA 30058 | $ 3,500.00 | $ 3,500.00 |

  ** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 09/2011) Sheet 5 - Criminal Monetary Penalties       Case 2:06-cr-00312-LKK-KJN   Document 174   Filed 04/02/12   Page 13 of 14

| CASE NUMBER: | 2:06CR00312-01 | Judgment - Page 13 of 14 |
| DEFENDANT: | KULWANT SINGH GILL | |

Wild Horse Express
2432 W. Peoria Avenue, #1004
Phoenix, AZ 85029               $ 10,000.00              $ 10,000.00


    TOTALS:                           $ 376,765.00            $ 376,765.00


[ ]  Restitution amount ordered pursuant to plea agreement $ __

[ ]  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ]  The interest requirement is waived for the      [ ] fine       [ ] restitution

    [ ]  The interest requirement for the      [ ] fine    [ ] restitution is modified as follows:



[ ]  If incarcerated, payment of the fine is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

[✔]  If incarcerated, payment of restitution is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.


  ** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

CASE NUMBER: 2:06CR00312-01  Judgment - Page 14 of 14
DEFENDANT: KULWANT SINGH GILL

# SCHEDULE OF PAYMENTS

Payment of the total fine and other criminal monetary penalties shall be due as follows:

**A** [ ] Lump sum payment of $ __ due immediately, balance due

    [ ] not later than __ , or
    [ ] in accordance with [ ] C, [ ] D, [ ] E, or [ ] F below; or

**B** [✔] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

**C** [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after the date of this judgment; or

**D** [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** [ ] Payment during the term of supervised release will commence within __ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States: