UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:06-cr-00312 LKK KJN |
|---|---|
| Respondent, | No. 2:08-cr-00107 LKK KJN |
| v. | ORDER |
| KULWANT SINGH GILL, | |
| Movant. | |

Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 2, 2014, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Movant has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire files, the

/////

/////

/////

1

court finds the findings and recommendations to be supported by the record and by proper analysis.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 2, 2014, are adopted in full;

2. Movant's first amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in case number 2:06-cr-00312 LKK KJN (ECF No. 189) is denied and the Clerk is directed to close the companion civil file, No. 2:12-cv-02858 LKK;

3. Movant's first amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in case number 2:08-cr-00107 LKK KJN (ECF No. 135) is denied and the Clerk is directed to close the companion civil file, No. 2:12-cv-02859 LKK KJN; and

4. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: July 3, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] In his objections, movant contends, inter alia, that he has a liver condition which has "now deteriorated in prison to a point where it is need of a transplant the BOP [Bureau of Prisons] will not provide" and he attaches his own declaration in which he avers that a nurse recommended that he "immediately apply for compassionate release. . . ." Pls. Objs. (ECF No. 201) at 5, 8. The question of whether movant should be considered for compassionate release is for the BOP in the first instance, and only the BOP is authorized to file a motion for compassionate release of a federal prisoner. See 18 U.S.C. § 3582(c)(1)(A).