UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KULWANT SINGH GILL,<br><br>Defendant. | No. 2:06-CR-00312-MCE<br><br><br><br>**ORDER** |

Defendant Kulwant Singh Gill ("Defendant") was convicted of multiple counts of Wire Fraud in violation of 18 U.S.C. § 1343 and Making a False Statement in violation of 18 U.S.C. §§ 1001(a)(2) and 2 and was sentenced on March 27, 2012, to one hundred thirty (130) months of imprisonment. Presently before the Court is Defendant's Motion for Reduction of Sentence. ECF No. 205. This matter was referred to the Office of the Federal Defender, which subsequently filed a Supplement to that Motion. ECF Nos. 206, 210. The Government opposes Defendant's request. ECF No. 214. For the reasons that follow, his Motion is DENIED.

///
///
///
///

Defendant contends that he should be released prior to his current anticipated "release date" in March 2021 because he "suffer[s] from chronic medical conditions that threaten his life and require extensive medical treatment and occasional hospitalizations." Def. Supp., ECF No. 210, at 3.[1] More specifically, Defendant is 61 years old and suffers from cirrhosis of the liver, which has resulted in his multiple hospitalizations for hepatic encephalopathy. Id. at 4. "In addition, [Defendant] suffers from depression, anemia, esophageal reflux, lower back pain, hyperlipidemia (abnormally high lipids, or fats, in the blood), and polyneuropathy, a nerve disease." Id. Finally, "[h]e also has Type II diabetes, a condition that requires two injections of insulin glargine per day." Id. None of this is sufficient to warrant a reduction in Defendant's sentence.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original; quoting 18 U.S.C. § 3582(b)). Those circumstances are delineated in 18 U.S.C. § 3582(c). "Effective December 21, 2018, the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to permit an inmate, who satisfies certain statutorily mandated administrative procedures, to file a motion with the district court for compassionate release." Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). That statute now provides:

> **(c) Modification of an imposed term of imprisonment**.—
> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—

---

[1] Defendant initially argued that his sentence should be reduced because he has demonstrated his eligibility for release to serve the remainder of his sentence at home under the First Step Act's Elderly Offender Pilot Program, but had been denied that benefit because the Bureau of Prisons ("BOP") facility where he is housed had not processed that request. Def. Supp., ECF No. 210, at 3. He recently advised the Court, however, that his request has since been granted, and he was in fact released at the end of February to serve the rest of his term on home detention. Def. Status Rep., ECF No. 215, at 1-2. According to Defendant, while his release moots the foregoing argument, it does not moot his request for a sentence reduction. Id. The Court is not necessarily persuaded, but since his Motion fails on the merits, it need not reach this issue in any event.

> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly petition a district court for compassionate release, removing the BOP's prior exclusive gatekeeper role for such motions." Riley, 2020 WL 1819838, at *5. "The statute now provides the court with authority to reduce a sentence upon the motion of a defendant if three conditions are met: (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement." Id. (footnote omitted).

The starting point for the policy statement referenced in the third prong is United States Sentencing Guidelines ("USSG") § 1B1.13, which provides:

> [T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or

3

> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

Since Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c), he is only "entitled to relief if he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) he is not a danger to the safety of others or the community, and (3) any requested reduction is consistent with the policy statement." Riley, 2020 WL 1819838, at *6.

"The Sentencing Commission's application notes to this policy statement provide further guidance." Id. Indeed, the notes explain that "extraordinary and compelling reasons" exist when:

> (A) Medical Condition of the Defendant.
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> (I) suffering from a **serious physical or medical condition**,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that **substantially diminishes the ability of the defendant to provide self-care** within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis added).

Defendant argues that he suffers from a "serious physical or medical

4

condition . . . that substantially diminishes [his] ability . . . to provide self-care," and he bears the burden of showing he is consequently entitled to relief.  United States v. Holden, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020).[2]  He has not met that burden here.

The record in this case undermines Defendant's position.  First, his medical conditions were brought to this Court's attention at the time of sentencing and it specifically noted that "they appear to be conditions that the United States prisons are capable of addressing."   ECF No. 191, Ex. 2 at 5; see also Presentence Investigation Report, ¶¶ 70-74.  All indications are that the Court was correct.  Defendant has not shown that he is unable to adequately manage and/or treat his medical conditions, especially despite having already been granted a reprieve to home detention.  "To be faithful to the statutory language requiring 'extraordinary and compelling reasons,' it is not enough that Defendant suffers from . . . chronic conditions that [he] is not expected to recover from."  United States v. Weidenhamer, 2019 WL 6050264, at *5 (D. Az. Nov. 8, 2019).  If "[c]hronic conditions that can be managed in prison are not a sufficient basis for compassionate release," id., it is hard to fathom how those conditions would then warrant terminating a sentence to one's home.

Second, there is nothing in the record to establish that Defendant's condition has deteriorated to the point he is unable to care for himself.  To the contrary, the Court's review of the record indicates Defendant continues to suffer from the same medical conditions now as he did when he committed the massive frauds underlying his conviction, supporting the conclusion that those afflictions do not significantly affect Defendant's ability to function.

///

///

///

---

[2] The Court is not convinced Defendant's conditions rise to the level of "terminal" as it is used here and thus will not discuss that prong further.

5

Defendant's Motion to Reduce Sentence (ECF No. 205) is DENIED.

IT IS SO ORDERED.

Dated: April 29, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE